UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

JOSEPH FENNELL,                                    ) C/A No. 4:09-3051-JFA-TER
                                                   )
                          PLAINTIFF,               )
                                                   )
vs.                                                )         REPORT AND
                                                   )         RECOMMENDATION
COMMISSIONER OF SOCIAL SECURITY,                   )
                                                   )
                          DEFENDANT.               )
_____    )

This matter comes before the Court based on the plaintiff's motion to proceed *in forma pauperis*.[1]  On November 23, 2009, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) which was construed as a motion to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.  By Order dated November 30, 2009, the plaintiff was directed to answer Special Interrogatories from the Court so that the plaintiff's request could be properly evaluated.  The plaintiff filed a response to the special interrogatories on December 16, 2009.  The sole issue before the Court at this time is whether the plaintiff should be required to pay the three hundred fifty dollar ($350.00) filing fee, or whether his financial condition justifies proceeding without payment.

---

[1]  There are no clear precedents in the Fourth Judicial Circuit as to whether a magistrate judge has the authority to issue an order to deny an application to proceed *in forma pauperis*.  The United States Court of Appeals for the Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed *in forma pauperis*.  In *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990), the Sixth Circuit ruled that a denial of an application to proceed *in forma pauperis* by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  The United States Court of Appeals for the Tenth and Fifth Circuits have reached similar conclusions.  *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004).  Therefore, the undersigned submits a Report and Recommendation so that the plaintiff may obtain a *de novo* review by a United States District Judge.

The plaintiff's Application to Proceed without Prepayment of Fees indicates that the plaintiff receives a pension of $2673.00 per month, which is an annual income of $32,076.00. The application also states the plaintiff has no assets or dependants. The plaintiff's answers to the Court's special interrogatories indicate the plaintiff expects a cost of living increase to his pension, but no other changes are expected to his income in the next twelve months. The interrogatories also state that the plaintiff has $1248.00 of expenses in a month.[2] Based on an income of $2673.00 per month and expenses of $1248.00 per month, the plaintiff has $1425.00 disposable income per month. In terms of annual income, that is $17,100.00 income after expenses. The filing fee in this Court is only $350.00. The interrogatories also asked the plaintiff to explain why he could not pay the filing fee. He responded that he has experienced "mental and physical stress" because it has taken "such a long period of time" since filing his social security claim in April 2005. He did not attach any financial significance in his response, so the answer is non-responsive.

The plaintiff's application to proceed without payment of the filing fee and costs should be denied for failure to establish the threshold determination of poverty. *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915)(to proceed *in forma pauperis,* determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked.") Although a litigant is not required to show that he is completely destitute in order to qualify as indigent within the meaning of 28 U.S.C. § 1915(a), *see Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948), the plaintiff's showing of $1425.00 of income after expenses is evidence that Plaintiff is not close to being destitute and can afford to pay the $350.00 filing fee.

---

[2] Expenses for clothing are listed as $50.00 per week, rather than per month, so the total includes $200.00 for clothing as a monthly expense.

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). As one district court observed, "'there are no 'magic formulas' for making the determination that the requisite *in forma pauperis* status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation.'" *Carter v. Telectron, Inc.*, 452 F. Supp. at 942 (quoting *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972)). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The plaintiff has not established that he is impoverished, and his application and answers to the Court's interrogatories show that he is capable of paying the filing fee in this case.

RECOMMENDATION

On the sole issue of the plaintiff's request to proceed *in forma pauperis*, it is recommended that the Application to Proceed Without Prepayment of Fees be **denied**.

It is also recommended that if the Court denies the motion, the plaintiff be given thirty (30) days from the Court's decision to pay the filing fee or this action will be dismissed for lack of prosecution. **Plaintiff's attention is directed to the important notice on the next page.**

Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 2, 2010
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).