IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph W. Fennell, | ) | C/A No. 4:09-3051-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Joseph W. Fennell, brings this action pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of a final decision of the Commissioner of Social Security

(Commissioner) denying his claim for supplemental security income (SSI) and disability

insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§

401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that the Commissioner's decision to deny benefits is

not clearly supported by substantial evidence. The Magistrate Judge opines that the

Commissioner's decision should be reversed and remanded for further administrative action.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the

court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation which was filed on December 2, 2010. The Commissioner has filed timely objections to the Report which the court will address herein. It thus appears this matter is ripe for review.

## PROCEDURAL HISTORY

The plaintiff applied for DIB and SSI on April 12, 2005 alleging disability as of December 31, 2001 due to post-traumatic stress disorder (PTSD), bipolar disorder, and alcoholism. The plaintiff was 58 years old at the time of the hearing before the Administrative Law Judge (ALJ). He has a high school education and past work experience in retail sales, manufacturing, and distributing.

The plaintiff's applications were denied initially and on reconsideration. At the hearing before the ALJ, the plaintiff amended his alleged onset date of disability to July 31, 2004. The ALJ held a hearing and later issued a decision on June 20, 2007, concluding that the claimant was not disabled. Plaintiff filed a request for review which the Appeals Council denied on September 18, 2009, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff thereafter filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a
> particular conclusion. It consists of more than a mere scintilla of evidence but
> may be somewhat less than a preponderance. If there is evidence to justify a
> refusal to direct a verdict were the case before a jury, then there is 'substantial
> evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d

640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing

court should not "undertake to re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d

171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The

Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

423(d)(1)(A) (2004). This determination of a claimant's disability status involves the

following five-step inquiry:  whether (1) the claimant is engaged in substantial activity; (2)

the claimant has a medical impairment (or combination of impairments) that are severe; (3)

the claimant's medical impairment meets or exceeds the severity of one of the impairments

listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or]

her past relevant work; and (5) the claimant can perform other specified types of work.

*Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. §

404.1520(a)(4)(i)–(v) (2005)).

3

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

DISCUSSION

*The ALJ's Findings*

In his decision of June 20, 2007, the ALJ made the following findings:  At Step 1, he found the plaintiff had not engaged in substantial gainful activity since July 31, 2004, his amended alleged onset date.  At Step 2, the ALJ found the plaintiff had a history of alcohol abuse, major depressive disorder, and spondylosis of the lumbosacral spine—impairments that were "severe" within the meaning of the regulations. At Step 3, the ALJ found that the plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 CFR Part 404, Subpart P, Appendix 1 (the Listings). The ALJ found plaintiff's subjective complaints regarding the severity of his symptoms were not entirely credible.  He found plaintiff had the residual functional capacity

4

for medium work. At Step 4, the ALJ found that the plaintiff was able to return to his past relevant work as a retail receiving clerk/stocker. The ALJ therefore found plaintiff was not disabled.

### The Plaintiff's Claims

The plaintiff contends that the ALJ erred by (1) not performing a proper listing analysis; (2) failing to consider the combined effect of the plaintiff's multiple severe impairments and improperly considering his alcoholism; and (3) performing a flawed credibility analysis.

### The Magistrate Judge's Report and Recommendations

The Magistrate Judge recommends that the Commissioner's decision be reversed and remanded to the Commissioner for proper adjudication at Step 3 of the sequential evaluation process and for the ALJ's explanation of his evaluation of the combined effect of plaintiff's impairments and whether those impairments meet or equal a listing before weighing the impact of addiction upon his alleged disability.

### DISCUSSION

### Improper Listing Analysis and Combined Effects of Plaintiff's Impairments

The plaintiff first argues that the ALJ's brief listing analysis concluded that the plaintiff did not meet or equal medical listing 12.04 (affective disorders) because he did not display any of the listed criteria.  As a result, the plaintiff contends that the ALJ failed to evaluate any of the evidence to the contrary.

The Commissioner argues that while plaintiff's impairments from time to time met some of the criteria of Listing 12.04(A), they did not meet the criteria of Listing 12.04(B) in

showing that the plaintiff experienced marked restriction of his activities of daily living. The Commissioner reasons that because the ALJ found that the plaintiff did not demonstrate the B or C criteria for Listing 12.04, the plaintiff's impairments did not meet all of the specified medical criteria to meet a listing, thus the ALJ did not err.

The Magistrate Judge explains that in *Walker v. Bowen*, 880 F.2d 47, 50 (4th Cir. 1989), the ALJ there failed to adequately consider and explain his finding because he did not analyze or explain his evaluation of the cumulative effect of the claimant's impairments. The Magistrate Judge suggests that the ALJ in the instant action failed to adequately explain his evaluation of the combined effects of plaintiff's impairments, particularly with respect to the determination of whether the plaintiff's impairments or combination of impairments met a listing.

The ALJ here found that plaintiff suffers from several severe impairments, including a major depressive disorder, mild spondylosis of the lumbosacral spine, and a history of alcohol abuse, but that the plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The Magistrate Judge concludes that the ALJ failed to indicate whether he considered the cumulative effects of plaintiff's impairments, notwithstanding his failure to adequately explain his evaluation of any cumulative effects.

As a result, the Magistrate Judge suggests that the plaintiff's claim should be remanded to the Commissioner for proper adjudication at Step 3 of the sequential evaluation process.

The Magistrate Judge also suggests that, upon remand, the ALJ provide an explanation of his evaluation of the combined effect of plaintiff's impairments with respect to whether plaintiff's impairments meet or equals a listing *before* weighing the impact of alcohol addiction upon his alleged disability.  The Magistrate Judge relies on *Walker*, SSR 02-01p; and *McGhee v. Barnhart*, 366 F.Supp. 2d 389 (W.D.Va. 2005):

> Thus, under the Commissioner's regulations, an ALJ must first conduct the five-step disability inquiry *without considering the impact of alcoholism or drug addiction*. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits, and there would be no need to proceed with the analysis under 20 C.F.R. § 404.1535. If the ALJ finds that the claimant is disabled and there is "medical evidence of [his or her] drug addiction or alcoholism," then the ALJ should proceed under § 404.1535 to determine whether the claimant "would still [be found] disabled if [he or she] stopped using alcohol or drugs." 20 C.F.R. § 404.1535 (2004); see *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir.2001); see also *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). In other words, if, and only if, an ALJ finds a claimant disabled under the five-step disability inquiry, should the ALJ evaluate whether the claimant would still be disabled if he or she stopped using drugs or alcohol. See *Bustamante*, 262 F.3d at 955.

*McGhee* at 389.  (Emphasis added).

The Commissioner argues in his objections to the Report, that an ALJ deciding a disability claim involving drug or alcohol addiction must first conduct the sequential evaluation *without separating out the impact of drug or alcohol addiction*, citing *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  Then, the Commissioner argues, if the ALJ finds the claimant is not disabled, he is not entitled to benefits and there is no need to determine whether drug or alcohol addiction is a contributing factor material to the determination of disability.  If, however, the ALJ finds the claimant is disabled, then the ALJ should proceed to determine whether he would still be disabled if he stopped using drugs or alcohol.

7

The ALJ found at Step 2 of the sequential evaluation that plaintiff's history of alcohol abuse was a severe impairment.  The ALJ then proceeded through the sequential evaluation and determined that, even considering plaintiff's alcohol addiction, he was not disabled.  The Commissioner contends that there was no need for the ALJ to determine whether drug addiction or alcoholism was material to a finding of disability.

The plaintiff argues that the ALJ's error occurred in evaluating the plaintiff's alcohol addiction because the ALJ did not determine whether it was a *contributing factor* material to a finding of disability.

In *Puffenbarger v. Commissioner*, 2010 WL 3521583 at *3 (N.D.W.Va.), the District Court explained the process an ALJ must follow under 20 CFR § 404.1535 when determining whether the contributing factor of alcoholism is material to the determination of disability:

> How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

(Emphasis added).

The District Court in *Puffenbarger* noted that as both *Bustamante* and *Drapeau* recognize, the applicable regulations require an ALJ to complete the five-step inquiry and determine whether a claimant is disabled *before* determining whether the claimant would still be found disabled if he stopped abusing alcohol.

Here, the undersigned agrees with the Magistrate Judge that the ALJ's evaluation should take place before weighing the impact of addiction upon his alleged disability.

The Commissioner submits that the ALJ carefully considered all the evidence and the entire case record, noting that he *did* consider the impairments in combination. However, despite the Commissioner's assertion that the ALJ was cognizant of the requirements of what he must consider, and the sufficiency of his separate discussion of a claimant's impairments and other evidence of record, this court agrees with the Magistrate Judge that the ALJ failed to adequately explain his evaluation. Thus, this court is unable to properly review the ALJ's findings for substantial evidence and remand is appropriate.

*Credibility Analysis*

Plaintiff contends that the ALJ erred in his credibility analysis by citing the two-part analysis, but failing to apply it. This two-part analysis for subjective complaints is set out in *Craig v. Chater*, 76 F.3d 585, 591–96 (4th Cir. 1996). First, there must be documentation

by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged.  Not until such underlying impairment is deemed established does the fact finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain, with specific reasons, the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence.  Moreover, the weight given to those statements, as well as the reasons for that weight, must be clear.

The Magistrate Judge opines that the ALJ, in a conclusory manner, appeared to decide at step two of the credibility analysis, that the plaintiff was not credible because there was no mention in the records of the use of a cane by the plaintiff, nor was there any medical opinion that he needed one.  The Magistrate Judge also suggests that the ALJ made only a vague, negative reference to plaintiff's credibility after the medical evidence of record.  This court agrees that the ALJ failed to discuss the objective verification of plaintiff's complaints in assessing his credibility and determining his residual functional capacity.  For this reason, the court cannot determine if the ALJ's decision was supported by substantial evidence.

Finding that this action should be remanded, the Magistrate Judge did not address any further contentions.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review

10

is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds that further administrative action is warranted before this court can determine in the ALJ's decision was supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision.  The court adopts the Magistrate Judge's Report and Recommendation in full.

Accordingly, the Commissioner's decision is hereby reversed and remanded to the Commissioner for further action as set out in this order and the Report and Recommendation.

IT IS SO ORDERED.

March 21, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

11